IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Ronesha Davidson, as Administrator of the Estate of Ronald Peoples | : : : : | |
| Plaintiff, | : : | C.A. No. 05- |
| v. | : : | TRIAL BY JURY  DEMANDED |
| Harrington Raceway, Inc., a Delaware Corporation, d/b/a Midway Slots and Simulcast, a Delaware Corporation and Gaming Entertainment (Delaware), L.L.C., a Delaware Limited Liability Company | : : : : : : : : | |
| Defendants | : | |

**COMPLAINT**

**JURISDICTION AND VENUE**

1. Jurisdiction is based on 28 U.S.C. § 1332 as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and is between citizens of different States.

2. Pursuant to 28 U.S.C. § 1393, venue is proper in the Court as to all counts as Defendants reside in the District in which this Court is located and all events regarding the charges took place within the district in which this Court is located.

**THE PARTIES**

3. Plaintiff, Ronesha Davison, is administrator of the Estate of Ronald Peoples and is a citizen and resident of the Commonwealth of Virginia.

4.      Defendant, Harrington Raceway, Inc., d/b/a Midway Slots and Simulcast is currently and at all relevant times herein a Delaware Corporation and has its principal place of business in Harrington, Delaware, which serves as its own registered agent at 15 West Rider Road, Harrington, Delaware 19952.

5.      Defendant, Gaming Entertainment (Delaware), L.L.C., is currently and at all relevant times herein a Delaware Limited Liability Company, whose registered agent is The Corporation Trust Company at 1209 Orange Street, Wilmington, DE 19801 and has a place of business at U. S. Route 13, Harrington, Delaware 19952 and a mailing address of P.O. Box 310, Harrington, DE 19952.

6.      The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. Sec. 1332.

**BACKGROUND FACTS**

7.      Upon information and belief, at all times relevant hereto, defendant, Harrington Raceway, Inc. also d/b/a Midway Slots and Simulcast, owned, and/or occupied the premises which is a video lottery facility ("Casino") on U S 13, Harrington, Delaware which is open to the public.

8.      Upon information and belief, at all times relevant hereto, defendant, Gaming Entertainment (Delaware) L.L.C., operated and managed the premises upon which video lottery gaming takes place in the video lottery facility on U S 13, Harrington, Delaware.

9.      Upon information and belief, at all times relevant hereto, defendants provide security for business invitees and other persons lawfully on the premises of the Casino.

10. On or about July 17, 2003, Ronald Peoples attended the Casino as a business invitee.

11. At sometime after mid-night on July 17, 2003, while Ronald Peoples was sitting in a chair playing a slot machine in the Casino, employees, servants or agents of the Defendants were chasing an individual in the Casino, whom they caused, by grabbing, pulling and tackling, to fall into and injure, Ronald Peoples who was knocked off his chair and into a metal chair.

12. Knowing the Casino was occupied by patrons, the employees, servants or agents of the Defendants chased the individual through the Casino, without due regard for the safety of the public, including Ronald Peoples, and knew that it was foreseeable that a member of the public could be injured by the foot pursuit and therefore acted recklessly.

13. Although the employees, servants and agents of the Defendants, knew or should have know that the Casino was an environment monitored by security cameras and with security personal both inside and outside the Casino, they chose to chase an individual through the Casino without due regard to the safety of the Defendant's invitees, including Ronald Peoples, and to apprehend that individual without regard to the consequences to their invitees.

## CAUSE OF ACTION

## NEGLIGENCE

14. Plaintiff restates paragraphs 1 through 13 above as set out in full and incorporates them by reference.

15. Defendants breached their duty to exercise reasonable care and acted negligently with regard to the safety of the public, including Ronald Peoples, in that:

a.  They failed to provide adequate security in the Casino;

b. They failed to use and monitor surveillance cameras in closed circuit television operation and taping of events;

c.  They failed to establish and/or enforce internal operating standards and procedures designed to protect business invitees of the Casino, including plaintiff, from foreseeable assault;

d.  They failed to employ adequate security procedures, patrols, equipment, personnel and other reasonable measures within the Casino intended for use by business invitees;

e.  They failed to consider the safety of the public in pursuing, seizing or otherwise apprehending persons within the Casino;

f.  They failed to properly create and implement proper procedures for internal security, including, but not limited to controlling disturbances within the Casino, apprehending individuals within the Casino and pursuing individuals within the Casino;

g.  They failed to properly train personal in proper procedures for internal security, including, but not limited to controlling disturbances within the Casino, apprehending individuals within the Casino and pursuing individuals within the Casino;

h.  They failed to properly supervise their personal within the Casino; and

i.  In such other ways as may be disclosed during discovery.

16. As a proximate result of the actions of the above, Ronald Peoples was knocked into a metal chair, striking his chest and shoulder, and was severely injured, requiring 69 days of hospitalization because of deep vein thrombosis and obstruction, infection, and renal dysfunction, which resulted in the need for surgery and dialysis, all related to the trauma and incurred medical expenses in the approximate amount of $250,000.00.

17. As a direct and proximate result of the negligent misconduct of the defendants, plaintiff was thrown into a metal chair, his life and physical well being was threaten, causing serious bodily injuries, past and future pain, suffering and mental anguish, serious and permanent psychological impairments and injuries, and incurring past and future expenses associated with his physical and psychological injuries.

## RECKLESSNESS

18. Plaintiff restates paragraphs 1 through 17 above as set out in full and incorporates them by reference.

19. The conduct of the employees, servants, and agents of defendants was wanton, willful and reckless, in that they could foresee the harm potentially caused by their chasing an individual through the Casino when customers were present and consciously choose to disregard the risk by chasing the individual which proximately caused harm to Ronald Peoples.

20. As a proximate result of the actions of the above, Ronald Peoples was knocked into a metal chair, striking his chest and shoulder, and was severely injured, requiring 69 days of hospitalization because of deep vein thrombosis and obstruction, infection, and renal dysfunction, which resulted in the need for surgery and dialysis, all related to the trauma and incurred medical expenses in the approximate amount of $250,000.00.

21. As a direct and proximate result of the wanton, willful and reckless misconduct of the defendants, plaintiff was thrown into a metal chair, his life and physical well being was threaten, causing serious bodily injuries, past and future pain, suffering and mental anguish,

serious and permanent psychological impairments and injuries, and incurring past and future expenses associated with his physical and psychological injuries.

WHEREFORE, Plaintiff, Ronesha Davison, demands judgment against the Defendants, jointly and severally, for special and general compensatory damages, and punitive damages, together with the costs of this action.

                                        William W. Erhart, P.A.

By:   /s/William W. Erhart
      William W. Erhart, Esquire, #2116
      800 King Street, Suite 302
      Wilmington, DE 19801
      (302) 651-0113
      (302) 651-0331 (facsimile)
      erhartw@covad.net
      Attorney for Plaintiff


Date:   July 6, 2005