## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

Ronesha Davidson, as                          :
Administrator of the Estate of                :
Ronald Peoples                                :
                                              :
      Plaintiff,               :        C.A. No. 05-CV-00468-UNA
                                              :
      v.                        :        TRIAL BY JURY DEMANDED
                                              :
Harrington Raceway, Inc. a Delaware           :
Corporation, d/b/a/ Midway Slots and          :
Simulcast, a Delaware Corporation             :
and Gaming Entertainment                      :
(Delaware), L.L.C., a Delaware Limited        :
Liability Company                             :
                                              :
      Defendants.               :

## THIRD-PARTY DEFENDANT GAMING ENTERTAINMENT'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES, Third-Party Defendant, Gaming Entertainment, L.L.C., which hereby answers the complaint as follows:

1.      Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

2.      Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

3.      Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

4.      Denied.

5.      Admitted.

6.      Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

7.      Denied.

8.      Admitted.

9.      Denied as to Defendant Harrington Raceway.

10.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

11.     Denied.

12.     Denied.

13.     Denied.

## CAUSE OF ACTION

## NEGLIGENCE

14.     Paragraphs 1-13 of Defendant's answer are hereby restated.

15.     (a)- (i)  Denied.

16.     Denied.

17.     Denied as directed to answering Defendant.

## RECKLESSNESS

18.     Paragraphs 1-17 of Defendant's answer are hereby restated.

19.     Denied.

20.     Denied.

21.     Denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The damages as a whole, if any, were caused in whole or part by the acts or omissions of third parties, both named and unnamed, for whose conduct Defendants are not responsible.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by Plaintiff's own negligence.

## FOURTH AFFIRMATIVE DEFENSE

Defendants hereby give notice that they intend to rely on such other affirmative defenses as may become available during the course of discovery and thus reserves the right to amend the answer to assert such defense.


WHEREFORE, Defendants demand that this Court dismiss the complaint and enter judgment in their favor.


**TIGHE, COTTRELL & LOGAN, P.A.**

   /s/   Matthew S. Lindaeur
Michael K. Tighe (DE ID #29)
Matthew Lindaeur (DE ID #4571)
First Federal Plaza, Suite 500
P.O. Box 1031
Wilmington, DE 19899
(302) 658-6400

Dated: August 9, 2005