**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| Ronesha Davidson, as | : | |
| Administrator of the Estate of | : | |
| Ronald Peoples | : | |
| | : | |
| Plaintiff, | : | C.A. No. 05-CV-00468-GMS |
| | : | |
| v. | : | TRIAL BY JURY DEMANDED |
| | : | |
| Harrington Raceway, Inc. | : | |
| a Delaware Corporation, | : | |
| d/b/a/ Midway Slots | : | |
| and Simulcast, | : | |
| a Delaware Corporation | : | |
| and Gaming Entertainment | : | |
| (Delaware), L.L.C., a Delaware | : | |
| Limited Liability Company | : | |
| | : | |
| Defendants, | : | |
| | : | |

**ANSWER OF THE DEFENDANT, HARRINGTON RACEWAY,**
**TO THE COMPLAINT**

NOW COMES, Defendant, Harrington Raceway, Inc. and answers the complaint as follows:

1. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

2. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

3. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

4. Denied.

5. Answering Defendant is without knowledge or information sufficient to form a

belief as to the truth of the averments contained in this paragraph.

6. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

7. Denied.

8. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

9. Denied

10. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

11. Denied.

12. Denied.

13. Denied.

## CAUSE OF ACTION

## NEGLIGENCE

14. Paragraphs 1-13 of Defendants' answers are hereby restated.

15. (a)- (i) Denied.

16. Denied. By way of further answer, Defendant denies that it was negligent. Defendant is without sufficient information to admit or deny that Plaintiff had suffered any injuries. If Plaintiff had suffered injuries, then Defendant denies that such injuries were the proximate result of any actions of the Defendant.

17. Denied. By way of further answer, Defendant denies that it was negligent. Defendant is without sufficient information to admit or deny that Plaintiff had suffered any

injuries. If Plaintiff had suffered injuries, then Defendant denies that such injuries were the direct or proximate result of any actions of the Defendant.

### RECKLESSNESS

18. Paragraphs 1-17 of Defendants' answers are hereby restated.

19. Denied.

20. Denied. By way of further answer, Defendant denies that it was reckless. Defendant is without sufficient information to admit or deny that Plaintiff had suffered any injuries. If Plaintiff had suffered injuries, then Defendant denies that such injuries were the proximate result of any actions of the Defendant.

21. Denied. By way of further answer, Defendant denies that it was reckless. Defendant is without sufficient information to admit or deny that Plaintiff had suffered any injuries. If Plaintiff had suffered injuries, then Defendant denies that such injuries were the direct or proximate result of any actions of the Defendant.

### AFFIRMATIVE DEFENSES

Answering defendant having denied each and every allegation not specifically admitted above, sets forth as its affirmative defenses the following:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The damages or losses, if any, were caused in whole or in part by the acts or omissions of

third parties, both named and unnamed, for whose conduct the Defendants are not responsible.

### THIRD AFFIRMATIVE DEFENSE

The accident was the result of the negligence of the plaintiff's decedent who failed to maintain a look out, failed to see an open and obvious condition, failed to take an alternative safe pathway, and otherwise failed to exercise due care under circumstances then existing.

### FOURTH AFFIRMATIVE DEFENSE

Defendants hereby give notice that they intend to rely on such other affirmative defenses as may become available during the course of discovery and thus reserves the right to amend its answer to assert such defense.

WHEREFORE, the defendant, Harrington Raceway, Inc. move that Plaintiff's cause of action be dismissed against it with costs assessed against Plaintiff.

**TIGHE, COTTRELL & LOGAN, P.A.**

  /s/   Michael K. Tighe
Michael K. Tighe (DE ID 29)
First Federal Plaza, Suite 500
P.O. Box 1031
Wilmington, DE 19899-1031
(302) 658-6400
Attorney for Defendants

Dated: September 21, 2005