IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Ronesha Davidson, as Administrator of the Estate of Ronald Peoples | : : : : | |
| Plaintiff, | : : | C.A. No. 05-CV-00468-UNA |
| v. | : : | |
| Harrington Raceway, Inc. a Delaware Corporation, d/b/a/ Midway Slots and Simulcast, a Delaware Corporation and Gaming Entertainment (Delaware), L.L.C., a Delaware Limited Liability Company | : : : : : : : : | TRIAL BY JURY DEMANDED |
| Defendants, | : : | |
| Gaming Entertainment, L.L.C., a Delaware Limited Liability Company | : : : | |
| Third-Party Plaintiff, | : : | |
| v. | : : | |
| Greg Dale | : : | |
| Third-Party Defendant | : | |

**<u>MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT</u>**

**COMES NOW**, Gaming Entertainment, L.L.C., defendant in this action, moves for leave to serve a summons and third-party complaint, copies of which are attached to this motion as Exhibit 1, on Gregg Dale. In support of its Motion, the defendant avers the following:

1. Gregg Dale is or may be liable to Gaming Entertainment, L.L.C. (hereinafter "Gaming") for all or part of the plaintiff's claim against Gaming. In particular, as the alleged conduct of Mr. Dale is the cause of the damages and injuries alleged in plaintiff's

complaint, Gaming may seek indemnification or contribution from Mr. Dale in the event that Gaming is found to be liable in anyway to plaintiff.

2. This motion is made more than 10 days from the date on which Gaming served its original answer in this case, so leave of court is required under the terms of Rule 14(a) of the Federal Rules of Civil Procedure.

3. Despite the need for leave of court, Gaming has not unreasonably delayed the bringing of this motion. This motion was filed as soon as it became apparent that Mr. Dale's potential involvement in the alleged incident warranted further action on the part of Gaming in order to protect its legal and financial interests.

4. Permitting the third-party complaint at this time will not prejudice any party. Initial pleadings in this case have just been filed and discovery has not yet begun. Furthermore, due to the nature of Mr. Dale's alleged actions, he knows or should know that he may be held accountable for such through the use of civil action, and therefore this complaint cannot prejudice Mr. Dale.

5. This motion is not opposed by Mr. William W. Erhart, counsel for the Plaintiff.

**WHEREFORE** Gaming Entertainment, Inc. requests this Honorable Court grant it leave to serve a summons and third-party complaint on Mr. Gregg Dale.

TIGHE, COTTRELL & LOGAN

/s/ Michael K. Tighe
Michael K. Tighe (DE I.D. # 29)
First Federal Plaza, Suite 500
P.O. Box 1031
Wilmington, DE 19899
(302) 658-6400

Date: September 28, 2005