# Exhibit 1

Case 1:05-cv-00468-GMS   Document 8-2   Filed 09/28/2005   Page 1 of 14

**UNITED STATES DISTRICT COURT**
**District of Delaware**

PLAINTIFF

Ronesha Davidson, as Administrator
of the Estate of Ronald Peoples

**THIRD PARTY SUMMON IN A
CIVIL ACTION**

V. DEFENDANT AND THIRD PARTY PLAINTIFF

Case Number: 05-CV-00468-GMS

Harrington Raceway, Inc. a Delaware
Corporation, d/b/a Midway Slots and
Simulcast, a Delaware Corporation and
Gaming Entertainment (Delaware), L.L.C.
a Delaware Limited Liability Company

V. THIRD PARTY DEFENDANT

Greg Dale

To: Name and address of Third Party Defendant

Greg Dale
224 Columbia Lane
Stevensville, MD 21666

**YOU ARE HEREBY SUMMONED** and required to serve on

| PLAINTIFF'S ATTORNEY (name and address) | DEFENDANT AND THIRD PARTY PLAINTIFF'S ATTORNEY (name and address) |
|---|---|
| William W. Erhart, P.A.<br>800 King Street, Suite 302<br>P.O. Box 234<br>Wilmington, DE 19801 | Michael K. Tighe<br>First Federal Plaza, Suite 500<br>P.O. Box 1031<br>Wilmington, DE 19899-1031 |

an answer to the third-party complaint which is served on you with this summons, within 20 days after the service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default may be taken against you for the relief demanded in the third-party complaint. There is also served on you with this summons a copy of the complaint of the plaintiff. You have the option of answer or not answering the plaintiff's complaint, unless (1) this is a case within Rule 9(h) Federal Rules of Civil Procedure, and (2) the third-party plaintiff is demanding judgment against you in favor of the original plaintiff under the circumstances described in Rule 14(c) Federal Rules of Civil Procedure, in which situation you are required to make your defenses, if any, to the claim of plaintiff as well as to the claim of the third-party plaintiff. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK

_____
DATE

_____
(By) DEPUTY CLERK

| RETURN OF SERVICE |  |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the third-party defendant. Place where served: _____

☐ Left copies thereof at the third-party defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

　　Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

| STATEMENT OF SERVICE FEES |  |  |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

　　I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____　_____
　　　　　　　　Date　　　　　　　　　*Signature of Server*

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Ronesha Davidson, as Administrator of the Estate of Ronald Peoples<br><br>Plaintiff,<br><br>v.<br><br>Harrington Raceway, Inc.<br>a Delaware Corporation,<br>d/b/a/ Midway Slots<br>and Simulcast,<br>a Delaware Corporation<br>and Gaming Entertainment<br>(Delaware), L.L.C., a Delaware<br>Limited Liability Company<br><br>Defendants,<br><br>Gaming Entertainment, L.L.C., a<br>Delaware Limited Liability Company<br><br>Third Party Plaintiff,<br>v.<br><br>Greg Dale<br>Third Party Defendant. | C.A. No. 05-CV-00468-GMS<br><br>TRIAL BY JURY DEMANDED<br><br><br><br><br><br><br><br>THIRD-PARTY COMPLAINT |

## GAMING ENTERTAINMENT'S THIRD-PARTY COMPLAINT

1. Plaintiff Ronesha Davidson, as Administrator of the Estate of Ronald Peoples, has filed against Harrington Raceway, Inc. and Gaming Entertainment, L.L.C., a complaint, a copy of which is hereto attached as Exhibit A.

2. Defendant/third-party plaintiff, Gaming Entertainment (Delaware), L.L.C., is currently and at all relevant times herein a Delaware Limited Liability Company, whose registered agent is The Corporation Trust Company at 1209 Orange Street,

Wilmington, DE 19801 and has a place of business at U. S. Route 13, Harrington, Delaware 19952 and a mailing address of P.O. Box 310, Harrington, DE 19952.

3.  Third-party defendant, Greg Dale, is a resident of the State of Maryland who, upon information and belief, resides at 224 Columbia Lane, Stevensville, Maryland 21666.

4.  The Plaintiff's complaint alleges that on or about July 17, 2003, Ronald Peoples attended the video lottery facility on US 13, Harrington, Delaware, as a business invitee.

5.  Plaintiff's complaint alleges that at sometime after mid-night on July 17, 2003, while Ronald Peoples was sitting in a chair playing a slot machine in the Casino, employees, servants or agents of the Defendants were chasing an individual in the Casino, whom they caused, by grabbing, pulling and tackling, to fall into and injure Ronald Peoples who was knocked off his chair and into a metal chair (hereinafter known as the "incident").

6.  Greg Dale is the individual whom the Plaintiff's allege made contact with Mr. Peoples on the night of the alleged incident, thereby knocking him from his chair and directly causing the alleged injuries to Mr. Peoples.

7.  The conduct of Greg Dale, if proven as alleged in Plaintiff's complaint, was negligent by breaching his duty to exercise reasonable care with regard to the safety of the public in that Greg Dale behaved recklessly and inappropriately on the night of the alleged incident.

8.  The conduct of Greg Dale, if proven as alleged in the Plaintiff's complaint, was wanton, willful, and reckless in that he could foresee the harm potentially caused

by him running through a crowed area of the casino on the night of the alleged incident.

9.     Plaintiff's complaint further alleges that as a result of the events which occurred as described in Plaintiff's complaint, Mr. Peoples was severely injured, requiring 69 days of hospitalization because of deep vein thrombosis and obstruction, infection, and renal dysfunction, which resulted in the need for surgery and dialysis, all related to the trauma and incurred medical expenses in the approximate amount of $250,000.00.

### Indemnification

Defendant/third-party plaintiff deny that it is liable to the plaintiff in any respect. However, in the event that the Defendant/third-party plaintiff is held liable to the plaintiff, then it claims against third-party defendant, Mr. Greg Dale, on the grounds that the conduct of the third-party defendant, Mr. Greg Dale, was the primary cause of the damage sustained by the plaintiff and the Defendant/third-party plaintiff, if liable at all, is only secondarily liable. Defendant/third-party plaintiff, therefore, is entitled to indemnification from third-party defendant, Mr. Greg Dale.

### Contribution

In the event that the Defendant/third-party plaintiff is held primarily liable to the plaintiff, then the alleged wrongful acts of third-party defendant, Mr. Greg Dale, are contributing causes of the damages sustained by the plaintiff and the Defendant/third-party plaintiff is entitled to contribution in any amount which it may be required to pay to the plaintiff as a result of the third-party defendant, Greg Dale's wrongful acts, based on the relative degrees of fault determined pursuant to the provisions of Delaware's

Uniform Contribution Among Tortfeasor's Law, 10 Del. C. § 6301.

WHEREFORE, third-party plaintiff, Gaming Entertainment, L.L.C., demands judgment against third-party defendant Greg Dale for all sums that may be adjudged against defendant Gaming Entertainment in favor of plaintiff Ronesha Davidson, or in the alternative that third-party plaintiff be indemnified by the third-party defendant, together with costs of this action.

TIGHE, COTTRELL & LOGAN, P.A.

/s/ Michael K. Tighe
Michael K. Tighe (DE ID 29)
First Federal Plaza, Suite 500
P.O. Box 1031
Wilmington, DE 19899-1031
(302) 658-6400
Attorney for Defendants

Dated: September 28, 2005

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Ronesha Davidson, as Administrator of the Estate of Ronald Peoples | : |
| Plaintiff, | : C.A. No. 05- |
| v. | : TRIAL BY JURY DEMANDED |
| Harrington Raceway, Inc., a Delaware Corporation, d/b/a Midway Slots and Simulcast, a Delaware Corporation and Gaming Entertainment (Delaware), L.L.C., a Delaware Limited Liability Company | : |
| Defendants | : |

## **COMPLAINT**

### JURISDICTION AND VENUE

1. Jurisdiction is based on 28 U.S.C. § 1332 as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and is between citizens of different States.

2. Pursuant to 28 U.S.C. § 1393, venue is proper in the Court as to all counts as Defendants reside in the District in which this Court is located and all events regarding the charges took place within the district in which this Court is located.

### THE PARTIES

3. Plaintiff, Ronesha Davison, is administrator of the Estate of Ronald Peoples and is a citizen and resident of the Commonwealth of Virginia.

4. Defendant, Harrington Raceway, Inc., d/b/a Midway Slots and Simulcast is currently and at all relevant times herein a Delaware Corporation and has its principal place of business in Harrington, Delaware, which serves as its own registered agent at 15 West Rider Road, Harrington, Delaware 19952.

5. Defendant, Gaming Entertainment (Delaware), L.L.C., is currently and at all relevant times herein a Delaware Limited Liability Company, whose registered agent is The Corporation Trust Company at 1209 Orange Street, Wilmington, DE 19801 and has a place of business at U. S. Route 13, Harrington, Delaware 19952 and a mailing address of P.O. Box 310, Harrington, DE 19952.

6. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. Sec. 1332.

## BACKGROUND FACTS

7. Upon information and belief, at all times relevant hereto, defendant, Harrington Raceway, Inc. also d/b/a Midway Slots and Simulcast, owned, and/or occupied the premises which is a video lottery facility ("Casino") on U S 13, Harrington, Delaware which is open to the public.

8. Upon information and belief, at all times relevant hereto, defendant, Gaming Entertainment (Delaware) L.L.C., operated and managed the premises upon which video lottery gaming takes place in the video lottery facility on U S 13, Harrington, Delaware.

9. Upon information and belief, at all times relevant hereto, defendants provide security for business invitees and other persons lawfully on the premises of the Casino.

10. On or about July 17, 2003, Ronald Peoples attended the Casino as a business invitee.

11. At sometime after mid-night on July 17, 2003, while Ronald Peoples was sitting in a chair playing a slot machine in the Casino, employees, servants or agents of the Defendants were chasing an individual in the Casino, whom they caused, by grabbing, pulling and tackling, to fall into and injure, Ronald Peoples who was knocked off his chair and into a metal chair.

12. Knowing the Casino was occupied by patrons, the employees, servants or agents of the Defendants chased the individual through the Casino, without due regard for the safety of the public, including Ronald Peoples, and knew that it was foreseeable that a member of the public could be injured by the foot pursuit and therefore acted recklessly.

13. Although the employees, servants and agents of the Defendants, knew or should have know that the Casino was an environment monitored by security cameras and with security personal both inside and outside the Casino, they chose to chase an individual through the Casino without due regard to the safety of the Defendant's invitees, including Ronald Peoples, and to apprehend that individual without regard to the consequences to their invitees.

## CAUSE OF ACTION
## NEGLIGENCE

14. Plaintiff restates paragraphs 1 through 13 above as set out in full and incorporates them by reference.

15. Defendants breached their duty to exercise reasonable care and acted negligently with regard to the safety of the public, including Ronald Peoples, in that:

a. They failed to provide adequate security in the Casino;

b. They failed to use and monitor surveillance cameras in closed circuit television operation and taping of events;

c. They failed to establish and/or enforce internal operating standards and procedures designed to protect business invitees of the Casino, including plaintiff, from foreseeable assault;

d. They failed to employ adequate security procedures, patrols, equipment, personnel and other reasonable measures within the Casino intended for use by business invitees;

e. They failed to consider the safety of the public in pursuing, seizing or otherwise apprehending persons within the Casino;

f. They failed to properly create and implement proper procedures for internal security, including, but not limited to controlling disturbances within the Casino, apprehending individuals within the Casino and pursuing individuals within the Casino;

g. They failed to properly train personal in proper procedures for internal security, including, but not limited to controlling disturbances within the Casino, apprehending individuals within the Casino and pursuing individuals within the Casino;

h. They failed to properly supervise their personal within the Casino; and

i. In such other ways as may be disclosed during discovery.

16. As a proximate result of the actions of the above, Ronald Peoples was knocked into a metal chair, striking his chest and shoulder, and was severely injured, requiring 69 days of hospitalization because of deep vein thrombosis and obstruction, infection, and renal dysfunction, which resulted in the need for surgery and dialysis, all related to the trauma and incurred medical expenses in the approximate amount of $250,000.00.

17. As a direct and proximate result of the negligent misconduct of the defendants, plaintiff was thrown into a metal chair, his life and physical well being was threaten, causing serious bodily injuries, past and future pain, suffering and mental anguish, serious and permanent psychological impairments and injuries, and incurring past and future expenses associated with his physical and psychological injuries.

## RECKLESSNESS

18. Plaintiff restates paragraphs 1 through 17 above as set out in full and incorporates them by reference.

19. The conduct of the employees, servants, and agents of defendants was wanton, willful and reckless, in that they could foresee the harm potentially caused by their chasing an individual through the Casino when customers were present and consciously choose to disregard the risk by chasing the individual which proximately caused harm to Ronald Peoples.

20. As a proximate result of the actions of the above, Ronald Peoples was knocked into a metal chair, striking his chest and shoulder, and was severely injured, requiring 69 days of hospitalization because of deep vein thrombosis and obstruction, infection, and renal dysfunction, which resulted in the need for surgery and dialysis, all related to the trauma and incurred medical expenses in the approximate amount of $250,000.00.

21. As a direct and proximate result of the wanton, willful and reckless misconduct of the defendants, plaintiff was thrown into a metal chair, his life and physical well being was threaten, causing serious bodily injuries, past and future pain, suffering and mental anguish,

serious and permanent psychological impairments and injuries, and incurring past and future expenses associated with his physical and psychological injuries.

WHEREFORE, Plaintiff, Ronesha Davison, demands judgment against the Defendants, jointly and severally, for special and general compensatory damages, and punitive damages, together with the costs of this action.

                        William W. Erhart, P.A.

By:   /s/William W. Erhart
      William W. Erhart, Esquire, #2116
      800 King Street, Suite 302
      Wilmington, DE 19801
      (302) 651-0113
      (302) 651-0331 (facsimile)
      erhartw@covad.net
      Attorney for Plaintiff

Date:  July 6, 2005