IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Ronesha Davidson, as Administrator of the Estate of Ronald Peoples | : : : : | |
| Plaintiff, | : : | C.A. No. 05-468 GMS |
| v. | : : | TRIAL BY JURY DEMANDED |
| Harrington Raceway, Inc., a Delaware Corporation, d/b/a Midway Slots and Simulcast, a Delaware Corporation and Gaming Entertainment (Delaware), L.L.C., a Delaware Limited Liability Company | : : : : : : : | |
| Defendants | : : | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF**
DOCUMENTS DIRECTED TO DEFENDANTS

Plaintiff Ronesha Davidson ("Plaintiff") submits the following request, pursuant to Rules 26 and 34 of the Rules of Civil Procedure, for the production of all documents by all defendants.

**DEFINITIONS**

1. "Document" as used herein adopts the broadest definition of that term permitted by Rule 34 of the Rules of Civil Procedure and includes, but is not limited to, every tangible thing upon which is recorded, marked, or impressed any form of communication or representation, such as words, letters, pictures, sounds, symbols, or combinations thereof, including any tangible thing marked or impressed with any handwriting, typewriting, printing, photostating, photography, transcribing, videotaping, or audiotaping. "Document" as used herein also means and includes drafts, originals, and all copies, including all annotated copies, however, produced or reproduced, in the possession, custody, or control of defendants, or any of defendants' attorneys.

2. "Plaintiff" includes Ronald Peoples, now deceased, in the context of the instant case, as well as Ronesha Davidson, administrator of the estate of Ronald Peoples.

### **INSTRUCTIONS**

Plaintiff requests that defendants produce the documents described below within thirty days after the date of service hereof at the office of William W. Erhart, William W. Erhart P.A. 800 King Street, Suite 302, Wilmington, Delaware 19801.

If it is claimed that the attorney-client privilege or any privilege is applicable to any document which is sought by this request, that document need not be produced, but with respect to that document:

    (a) State the date and nature of the document;

    (b) Identify each and every author of the document;

    (c) Identify each and every preparer of the document;

    (d) Identify each and every person who received the document;

    (e) Identify each and every person from whom the document was received;

    (f) State the present location of the document and all copies thereof;

    (g) Identify each and every person who has or ever had possession, custody or control of the document or any copy thereof; and

    (h) Provide all other circumstances or information concerning the document upon which the claim of privilege is asserted.

1. All statements of the defendants, the plaintiff, any witnesses, or any other persons, written or recorded, and all descriptions of statements, summaries of statements and

records or written accounts of investigation related to the subject matter of this case.

2. All documents, including, but not limited to, all bills, statements, reports or records from any and all hospitals, physicians or other health care providers, or from any other source, relating directly or indirectly to plaintiff.

3. All documents, including photographs, drawings, sketches, accident reports, videotapes or diagrams of any person, place or thing related directly or indirectly to the subject matter of this case.

4. All writings, notes, memoranda, data or tangible things that relate directly or indirectly to the subject matter of this case.

5. All exhibits that you intend to introduce at trial.

6. All treatises, texts, reference works or scholarly authority upon which you intend to rely at trial, or that you will use in examining or cross-examining any witness at trial.

7. All documents responsive to, identified in or referred to in your answers to relied upon in answering Plaintiff's First Set of Interrogatories.

8. All surveillance records, reports, photographs, videotapes or movies that relate to or depict the plaintiff.

9. All insurance policies, including excess policies that are or may be applicable to this litigation.

10. All documents provided by defendants to any insurer or agent related directly or indirectly to the subject matter of this case.

11. Insurance files related to this action and/or the incident of July 17, 2003 alleged in the Complaint.

12. All documents, including all insurance claim files related to any assault, battery,

theft, robbery, or any other violent crime or incident occurring on or near the premises of the Casino from January 2000 to July 17, 2003.

13. All documents related to security and/or patron protection measures by defendants or any person acting for defendants on July 17, 2003

14. The documents, including leases, which identify any owner and any operator of the Casino on July 17, 2003.

15. The documents which set forth the relationship, and the relative rights, duties and obligations of the owner(s) and operator(s) of the Casino on July 17, 2003, including as they relate to security for patrons.

16. All security and/or patron protection audits or evaluations for the Casino and surrounding areas, including any parking lots, during the period from January 1, 2000 to the present.

17. All documents which identify the person or persons (including any corporations, partnerships, unincorporated associations, or other legal entities) responsible for security and/or patron protection at the Casino on July 17, 2003, and during the period from January 1, 2000 to the present.

18. All security and/or patron protection audits or evaluations for the Casino, during the period from January 1, 2000 to the present.

19. An architectural plan or drawing or other graphic representation of the premises of the Casino and its parking facilities as of July 17, 2003.

20. All correspondence between defendants and any police agencies and/or security companies on the subject of security, patron safety, and/or crime, from January 1, 2000 to the present.

21. All management and insurance inspection reports related to security and/or patron safety and protection from January 1, 2000 to the present.

22. Copies of all security-training materials in use by the Casino as of this incident (to include texts and all audio-visuals, video-tapes, etc.).

23. All documents related to any lawsuits or incidents involving any assault, battery, rape, theft, other violent crime, or violent behavior against any patron at any of defendants' Casino from January 1, 2000 to December 31, 2003.

24. All internal reports related to the need for additional security at the Casino from January 1, 2000 to December 31, 2003.

25. All documents that identify all individuals responsible for patron safety and protection on July 17, 2003.

26. All documents that identify all individuals responsible for patron safety and protection on July 17, 2003 who were on duty when the incident relating to the plaintiff occurred.

27. The complete personnel files of all individuals responsible for patron safety and protection who were on duty on July 17, 2003 when the incident relating to the plaintiff occurred.

28. Documents showing the security budget for the Casino in Delaware for the years 1998 through 2003.

29. All budget documents showing defendant's expenditures for security at the Casino in 2003.

30. Any and all policy statements addressing patron safety and protection, from January 1, 2000 to the present.

31. All documents that identify the security and safety policies that were in place on July 17, 2003.

32. All documents that identify all training policies, procedures and methods that were in place from January 2000 to July 17, 2003.

33. All documents that identify any factual or legal defense that defendants may assert.

34. All documents that identify any negligence on the part of the plaintiff.

35. All training records for security personnel on duty at the Casino on the incident date, July 17, 2003.

36. Documents related to any anti-loitering and trespasser control procedures in force at the Casino at the time of the incident, July 17, 2003.

37. All of defendant's security logs for this location for the period from January 1, 2000 to the present.

38. All documents which describe, record or in any way refer to the incident relating to plaintiff on July 17, 2003.

39. All documents received from any police crime prevention officers, security consultants, or security service companies, during the period from January 1, 2000 to the present related to patron safety and protection.

40. All documents identifying patron control, behavior and conduct policies by the Casino.

41. All documents identifying policies and training regarding apprehending, arresting and controlling individuals by the Casino, including security staff.

42. All documents identifying equipment used by security staff.

43. All documents identifying surveillance at the Casino from January 1, 2000 through 2003.

44. All documents identifying surveillance policies at the Casino from January 1, 2000 through 2003.

                        William W. Erhart, P.A.

By:   /s/William W. Erhart
       William W. Erhart, Esquire, #2116
       800 King Street, Suite 302
       Wilmington, DE 19801
       (302) 651-0113
       (302) 651-0331 (facsimile)
       erhartw@covad.net
       Attorney for Plaintiff

Date: February 27, 2006