# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

Ronesha Davidson, as    :
Administrator of the Estate of   :
Ronald Peoples       :
            :
   Plaintiff,      :   C.A. No. 05-468 GMS
            :
   v.        :   TRIAL BY JURY  DEMANDED
            :
Harrington Raceway, Inc., a  Delaware :
Corporation, d/b/a Midway Slots and :
Simulcast, a Delaware Corporation  :
 and Gaming Entertainment    :
(Delaware), L.L.C., a Delaware Limited :
Liability Company      :
            :
   Defendants     :

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## DIRECTED TO DEFENDANTS

## INSTRUCTIONS AND DEFINITIONS

1. **Definition:** The term "document(s)" means original and any not identical copy (which is different from the original or any copy because of notations thereon) of any written, printed, typewritten, handwritten, recorded, graphic or photographic matter or material (however produced, reproduced or recorded) including without limitation all of the following: correspondence, notes, telegrams, memoranda, reports, studies, diaries, timeslips, log books, day books, work schedules, charts, plans, calendars, tabulations, calculations, financial records, tax returns, audit reports, progress notes and reports, worksheets, books, computer print-outs, computer cards, computer tapes, minutes and minute books (of any meeting of any person(s), committee or board), statements, statistical informational accumulation or summaries, files, microfilm or mechanical reproductions, attachments, enclosures and other materials related to or referred to in any

of the foregoing and all other records of any kind in the possession and or under the control of

Defendants their predecessors, parents, subsidiaries, divisions and/or any other corporation

controlled by the parent, or any officer, director, agent, employee, representative, and/or attorney of

any of the foregoing person(s) or entities which relate to anyway whatsoever to any of the subjects

referred to in the following demand for production or to any written or all communication(s) of any

kind relating to or regarding any such subject, in whole or in part.  Designated documents are to

include all attachments, enclosures, and other documents that are attached, related to or referred to

such designated documents in any way.

2.      **Definition:**      "Or" shall be construed disjunctively or conjunctively so as to bring

within the scope of this request for production any information which might otherwise be construed

to be outside its scope.

3.      **Claim of Privilege:**    If you withhold any document requested herein on the basis of

the claim of attorney/client or other privilege, or on the basis of the attorney/work product doctrine,

you are requested to identify all such documents by listing:  (a) the date of each document; (b) its

title, if any; (c) the name and address of its author; (d) the sender and each recipient of said

document; (e) the name and address of each person who has custody of the document, or any copy

thereof; and (f) the factual and legal basis for your claim of privilege.

4.      **Definition**:      "You" or "Your" refers to either Harrington Raceway, Inc. or Gaming

Entertainment (Delaware) LLC, also refers to as "the Defendants," its agents, servants and

employees.

5.      "Casino" means the facility owned and/or operated by the Defendants including the

casino where Ronald Peoples was injured on July 17, 2003 in Harrington, Delaware.

**Interrogatories On Disk/By E-Mail:**    If you would like to receive another copy of these interrogatories on disk, or via e-mail, please notify plaintiffs' counsel.

## INTERROGATORIES

1.    Identify and describe all written policy and/or procedural manuals, along with the dates of any amendments or revisions, as they relate to providing appropriately trained and readily available personnel for the security and safety of the Casino patrons, beginning with 2000 to the present.

**ANSWER:**

2.    Identify all documents relating in any manner to each of the following, regardless of whether or not implemented, as it pertains to at the Casino.

(a)    Increasing the number of security personnel to patrol;

(a)    Utilizing off-duty police to patrol;

(b)    Improving the training of security personnel who patrol; and

(c)    Using closed circuit television.

**ANSWER:**

3.    Identify each and every study, survey or investigation as to which you have knowledge, whether or not made by you or on your behalf, concerning or relating to the safety or security of the Casino patrons, or which assesses the susceptibility of patrons to injury in the Casino.

**ANSWER:**

4.      Identify all documents relating in any manner to complaints about personal security or safety issues pertaining to the Casino made by or on behalf of any patrons, consultants, experts or Employees.

**ANSWER:**

5.      Identify all persons who have reported any criminal activity in the Casino or the premises of the Casino in the last five (5) years.

**ANSWER:**

6.      State the names and addresses of all industry or trade organizations of which you were a member or which you were affiliated within 2000, 2001, 2002 or 2003, and indicate the year of such affiliation or membership.

**ANSWER:**

7.      State the full name and last known address of every witness known to you or to your attorneys to have any knowledge regarding the facts and circumstances surrounding the incident referred to in the Complaint and your Answer thereto, including all those person who are employees or former employees of yours.

**ANSWER:**

8.      Identify all claims made against you where it was alleged that there was inadequate security at the Casino.

**ANSWER:**

9.      Identify  each report, memorandum, resume or other writing relating in any way to any investigatory activities pertaining to any of the facts alleged in the pleadings.

**ANSWER:**

10.      Identify all persons from whom statements have been obtained by you or on your behalf concerning this action or its subject matter.

**ANSWER:**

11.      Give the names and present or last known addresses of all persons with knowledge of the incident of July 17, 2003, specifically noting the eyewitnesses.

**ANSWER:**

12.    For every defense you assert to plaintiff's claims, state the facts which support the defense.

**ANSWER:**

13.    Regarding the affirmative defenses contained in the Answer, set forth any facts that are the basis for your contentions.

**ANSWER:**

14.    Describe for purposes of identification the contents of any files which you contend were generated in anticipation of litigation.  In your answer, identify which of these materials, if any, you contend contain the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of Delaware Racing Association and Delaware Park, L.L.C. concerning this litigation.

**ANSWER:**

WILLIAM W. ERHART, P.A.
/s/ William W. Erhart
William W. Erhart (#2116)
800 King Street, Ste. 302
Wilmington, DE 19801
Attorney for Plaintiff

Date: February 27, 2006