**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| Ronesha Davidson, as Administrator of the Estate of Ronald Peoples | : : : : | |
| Plaintiff, | : : | C.A. No. 05-468 GMS |
| v. | : : | TRIAL BY JURY DEMANDED |
| Harrington Raceway, Inc., a Delaware Corporation, d/b/a Midway Slots and Simulcast, a Delaware Corporation and Gaming Entertainment (Delaware), L.L.C., a Delaware Limited Liability Company | : : : : : : : | |
| Defendants | : | |

**PLAINTIFF'S RULE 30(b)(6) NOTICE OF DEPOSITION
OF DEFENDANTS**

PLEASE TAKE NOTICE that, pursuant to Superior Court Civil Rule 30(b)(6), counsel for the plaintiff will take the recorded deposition upon oral examination of defendants by one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf, with respect to matters known or reasonably available to as set forth in the attached Appendix To Rule 30(b)(6) Notice Of Deposition(s) of defendants. The deposition(s) will commence on Monday May 22, 2006 at 1:00 p.m., and will be held at the offices of William W. Erhart, P.A., 800 King Street, Suite 302, Wilmington, DE 19801. The deposition will continue on Friday May 26, 2006 at 1:00 p.m., until completed. A deponent's testimony in response to this deposition notice pursuant to Rule 30(b)(6) shall not limit plaintiff's right to seek a substantive deposition from the same deponent at a later date.

At least five (5) days before the deposition defendants shall designate the person(s) who shall testify on their behalf and set forth the matters on which the person(s) shall testify.

                                                    WILLIAM W. ERHART, P.A.
                                                    /s/ William W. Erhart
                                                    William W. Erhart (#2116)
                                                    800 King Street, Ste. 302
                                                    Wilmington, DE 19801
                                                    Attorney for Plaintiffs.

Date: May 4, 2006

**APPENDIX TO RULE 30(b)(6) NOTICE OF DEPOSITION(S) OF DEFENDANTS**

<u>MATTERS FOR EXAMINATION</u>

1. All training and certifications of all security officers involved in the incident which is the basis of this case.

2. All training and certifications of the supervisor of security.

3. All policy and procedures: involving the training of security officers, including, but not limited to, chasing and apprehending individuals; governing the detention and apprehension of individuals within the complex; running within the facility;

4. The accuracy and completeness of the defendant's answers to plaintiff's interrogatories in this action.

5. The facts and information that support the statements in the defendants' answers to plaintiff's Complaint.

6. The facts and information that support the statements, denials and affirmative defenses in the defendants Answer.

7. The defendants' practices and policies related to the preparation and preservation of internal documents such as the incident reports produced in this action or other similar incidents.

8. The existence, authenticity, location, maintenance, organization, quantity, preservation, destruction, and custodian(s) of all documents responsive to the plaintiff's requests for production of documents served on the defendants in this action.

9. The search undertaken by defendants for documents responsive to the plaintiff's discovery requests, and the accuracy and completeness of the defendants' document production.

10. The defendants' knowledge of crimes committed in defendants' facility during the period from July 1, 2002 to the date of the incident.

11. The written accident/incident policy produced by the defendants.

12. The practices and policies of the defendants in July 2003 for providing assistance, including medical assistance, to patrons who suffered any injury on the premises of defendants.

13. All communications with the Police and all facts regarding security at defendants' facility on the date of incident.

14. The facts and information related to the control or use of the property of the defendants.

15. The identities of the shareholders, officers, directors and/or managers of the defendants who are most knowledgeable about security, crimes, misconduct, injuries, assaults, altercations, drunkenness, or violations of state regulations at or near defendants' facility during the period from July 1, 2002 to the date of the incident.

16. The patron capacity of the casino, including all facilities, in July 2003.

17. The promotion of consumption of alcoholic beverages to patrons of the Defendants in the year 2003.

18. All facts and information related to a) whether any persons, including any agents or employees of the Defendants, witnessed the incident involving plaintiff in facility on July 19, 2003, b) the Defendants contention, if any, that plaintiff was not assaulted in

the facility, and c) the manner in which he was injured, if indeed Defendants deny that he was assaulted.

19. The equipment in use by the security officers at the time of the incident and their training for use of the equipment; including, but not limited to: radios; batons; handcuffs and other restraints; and chemical or other weapons.

20. The use and extent of surveillance equipment, including cameras, the date and time of the incident.

21. The location, custody and editing of all images of either Greg Dale or Ronald Peoples, including video tape, still photographs or digital images, including footage of the zone Mr. Peoples was in prior to the incident.

## **DOCUMENTS REQUESTED**

It is requested that at least five (5) business days prior to the deposition the defendants produce for inspection and copying any of the following documents in its possession, custody, or control:

1. All documents related to the information sought in the Matters for Examination set forth above.

2. If any documents or portions thereof are withheld under a claim of privilege, within five (5) business days after production, you should serve on the requesting parties a privilege log that identified each responsive document that is withheld or redacted for any reason. The log should specify the type of document; date; author; addressees; recipients of copies; to the extent possible, the positions and affiliations of the author, addressees and recipients at the time of the date of the document; for withheld documents, the length of the

document; for redacted documents, the length of the redacted portion; for withheld documents, the file or other location from which the document was removed; the subject matter of the document; and the legal basis for withholding or redacting the document.

## **CERTIFICATE OF SERVICE**

      This will certify that a copy of the attached foregoing has been served by William W. Erhart, Esquire upon the following counsel on May 4, 2006.

**Electronic Mail to:**

Michael Tighe, Esquire
Tighe Cottrell & Logan, P.A.
P.O. Box 1031
Wilmington, DE 19899-1031

                                                        /s/ William W. Erhart