## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Ronesha Davidson, as Administrator of the Estate of Ronald Peoples | : : : : | C.A. No. 05-CV-00468-GMS<br><br>TRIAL BY JURY DEMANDED |
| Plaintiff, | : : | |
| v. | : : | |
| Harrington Raceway, Inc. a Delaware Corporation, d/b/a/ Midway Slots and Simulcast, a Delaware Corporation and Gaming Entertainment (Delaware), L.L.C., a Delaware Limited Liability Company, Midway Slots and Simulcast | : : : : : : : : | |
| Defendants/Third Party Plaintiffs | : : : | |
| v. | : : | |
| Greg Dale | : : | |
| Third Party Defendant. | : | |

### STIPULATION AND ORDER OF CONFIDENTIALITY

WHEREAS, documents and information, which may be, or relate to, proprietary or confidential information, have been and may be sought, produced or exhibited by and among the parties to this action,

IT IS HEREBY STIPULATED AND AGREED by and among the parties to this action, by their undersigned counsel, as follows:

1. As used herein, the following definitions shall apply:

(a) "Party" or "parties" shall mean and refer to any party in the pending action and its counsel;

(b) "Confidential information" shall mean and refer to all currently valuable and proprietary information, as of the date of its production and/or disclosure, and all documents containing any such information, produced or disclosed during the course of discovery and other pretrial proceedings;

(c) "Qualified person(s)" shall mean and refer to:

i. Counsel of record, which counsel has confirmed in writing by execution of this Stipulation and Order that he or she is bound by its provisions, including all partners and associates of said counsel's law firm and all paralegal assistants and other employees thereof, when working under the direct supervision of said partners or associates;

ii. Any person whom the parties agree in writing is a "qualified person" and who agrees in writing to be bound by the terms of this Stipulation and Order.

iii. Any other person who is a deponent or witness in any pretrial proceeding, who shall agree under oath or in writing to be bound by the terms of this Stipulation and Order; and

iv. Any other person as may hereafter be qualified to receive confidential information pursuant to an order of the Court and who agrees to be bound by the terms of this Stipulation and Order.

2. Any party hereto may designate as "confidential" any document or information contained in any of its responses to interrogatories, requests for admissions or requests for production of documents, which in good faith it deems confidential.

3. Confidential information may be furnished or disclosed to any qualified person as defined herein, solely for the purpose of trial or preparation for trial (including discovery in accordance with the Federal Rules of Civil Procedure) of this mater, if said person signs and agrees to be bound by the terms of this Stipulation and Order. Counsel shall maintain a list of persons who have signed this Stipulation and Order which shall be available for inspection and copying by any other party to this action.

4. No person to whom confidential information is furnished or disclosed, shall copy, or disclose to any other person, or otherwise use the information for any purpose whatsoever, except in connection with, and for the purpose of, the trial or preparation for trial (including discovery in accordance with the Federal Rules of Civil Procedure) of this matter.

5. Confidential information, as well as any notes or memoranda relating thereto or reflecting the substance of content thereof, shall not be made available to persons other than qualified persons, except as provided herein. Nothing contained herein shall prevent any party from disclosing its own confidential information as it deems appropriate.

6. If counsel or any person wishes to use or elicit confidential information, documentary or otherwise, at the deposition of any person other than a qualified person or the person or the person producing the confidential information, the following procedures shall apply:

(a) Before or during said deposition, counsel wishing to use or elicit confidential information shall advise counsel for the other parties in this matter of his intention to use or elicit confidential information;

(b) At the instance of any counsel present at the deposition, all persons other than the deponent, the court reporter and qualified persons shall be excused from the deposition; and

(c) To the extent that the transcript of any deposition, or the exhibits thereto, incorporates any confidential information, that portion of the transcript and any exhibits thereto shall be subject to the terms of this Stipulation and Order.

7. No confidential information shall be disclosed in the course of any pretrial proceedings, other than as set forth above, unless the party responsible for the "confidential" designation consents in writing thereto or fails to object to the Court within ten calendar days from the date of written notice of such proposed disclosure.

8. This Stipulation and Order shall in no way affect or impair the right of any party or person to assert or raise any defense or objection, including but not limited to defenses or objections to the discovery, production or use of documents or information, and to the use, relevancy or admissibility at trial of any evidence, whether or not comprised of any documents or information governed by this Stipulation and Order.

9. Any party may seek a ruling from the Court with respect to the propriety of the designation of any document or information as confidential by any other party. Pending such ruling, the designation shall control.

10. At the conclusion of this litigation, in whatever manner, all confidential documents, including all copies thereof, and all documents containing confidential information (except documents filed of record), including all copies thereof, shall be returned promptly to the parties producing such documents. Counsel for the parties shall execute a certification of compliance with respect to the provisions of this paragraph. The operative effect of this Stipulation and Order shall survive the conclusion of this litigation.

11. If any person receiving documents covered by this Order (the "Receiver") (a) is

subpoenaed in another action, or (b) is served with a demand in another action to which he or it is a party, or (c) is served with any other legal process by one not a party to this litigation, seeking documents produced or designated as "Confidential" by someone other than the Receiver, the Receiver shall give prompt actual written notice, by hand or facsimile transmission within twenty-four hours of receipt of such subpoena, demand or legal process, to those who produced or designated the material "Confidential" and shall object to its production to the extent permitted by law.  Should the person seeking access to the "Confidential" material take action the Receiver or anyone else covered by this Order to enforce such subpoena, demand or other legal process, the Receiver shall respond by setting forth the existence of this Order.  Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Order to challenge or appeal any order requiring production of "Confidential" material covered by this Order, or to subject himself, herself, or itself to any penalties for non-compliance with any legal process or order, or to seek any relief form this Court.  Nothing in this paragraph or Order shall prohibit or otherwise prevent or hinder the use of any documents covered by this Order in the action pending in the United States District Court for the District of Delaware, C.A. No. 05-CV-00468-GMS, subject to this agreement.

| WILLIAM W. ERHART, P.A. | TIGHE, COTTRELL & LOGAN, P.A. |
|---|---|
| /s/ William W. Erhart | /s/ Michael K. Tighe |
| William W. Erhart (#2116) | Michael K. Tighe (#29) |
| 800 King Street, Suite 302 | 704 King Street, Suite 500 |
| Wilmington, DE 19801 | One Customs House |
| (302) 651-0113 | P.O. Box 1031 |
| Attorney for Plaintiff | Wilmington, DE 19899 |
| | (302) 658-6400 |
| | Attorney for Defendant |

SO ORDERED.

_____
The Honorable Gregory M. Sleet